UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE,<br><br>Plaintiff,<br><br>v.<br><br>DOUGLAS COLLINS, Secretary of Veterans Affairs,<br><br>Defendant. | Civil Action No. 26-397 |

**MEMORANDUM OPINION AND ORDER**

Plaintiff John Doe brings this suit against Douglas Collins in his capacity as the Secretary of Veterans Affairs. See ECF No. 1 (Compl.) at 1. He seeks payments of his benefits at the correct compensation level. Id. at 3. Plaintiff previously moved to proceed pseudonymously, citing "medical disability, risk of retaliation, and exposure of sensitive benefits and housing information." ECF No. 3 (First Mot.) at 1. The Court denied his motion without prejudice for failure to address the five-factor inquiry that applies to such motions. See Minute Order of February 13, 2026. Plaintiff has now filed a new Motion to Proceed Under Pseudonym that references his concerns regarding the "significant privacy harms" that proceeding without a pseudonym would pose. See ECF No. 7 (Second Mot.) at 1. Plaintiff has still not made the detailed showing required to overcome the presumption in favor of disclosure, however, so the Court will deny the Motion. See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint").

**I.      Legal Standard**

1

Generally, a complaint must identify the plaintiffs. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1). That requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings." In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sentencing Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)). A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy, and identifying the consequences that would likely befall it if forced to proceed in its own name." In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020). As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test. Id. (quoting In re Sealed Case, 931 F.3d at 96). That test assesses "five non-exhaustive factors":

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
>
> (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
>
> (3) the ages of the persons whose privacy interests are sought to be protected;
>
> (4) whether the action is against a governmental or private party; and relatedly,
>
> (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (cleaned up).

## II.    Analysis

Plaintiff has not met his burden to show that his privacy interests outweigh the public's presumptive and substantial interest in learning his identity. The Court will address each of the five factors in turn.

Doe asserts that his "claims involve highly sensitive personal information, including mental, emotional, and psychological disability," and "public disclosure of [his] identity would cause substantial and unnecessary intrusion into [his] privacy and defeat the purpose of bringing this action." See Second Mot. at 1.  It is true that "intimate or sensitive personal information" is the kind "traditionally recognized under this factor." Doe v. Rogers, 2023 WL 1470007, at *2 (D.D.C. Feb. 2, 2023) (cleaned up).  But Plaintiff has not explained why bringing this action would result in the revelation of this personal information, nor is it clear what that personal information is.  Without factual corroboration, "conclusory and unexplained claims that [his] identity is a sensitive or personal matter provide far too frail a basis on which to confer the rare dispensation of pseudonymous status." In re Sealed Case, 971 F.3d 324, 328 (D.C. Cir. 2020).

The second factor also favors disclosure.  Doe's Motion gestures at a "risk of harm if publicly identified, including possible public harassment, financial stigma, retaliation, or psychological harm." Second Mot. at 1.  But, much like his assertion under the first factor, he does not describe any particular threats of harm, nor does he explain why initiating this litigation would trigger retaliation or harassment.  A conclusory reference to retaliatory harm, without any evidence that some harm or threats are anticipated, is generally insufficient to satisfy this factor. J.W. v. District of Columbia, 318 F.R.D. 196, 200 (D.D.C. 2016) (finding no risk of harm where plaintiff did not provide "any evidence of such harm, aside from their conclusory statement that [plaintiff] will suffer emotional harm" from disclosure).

The third factor supports disclosure because nothing in Plaintiff's Complaint or Motion suggests that his case implicates the privacy of minors. See generally Second Mot.; Compl.

The fourth factor, involving Defendant's identity, weighs in favor of granting the Motion. Plaintiff sues Douglas Collins, the Secretary of Veterans Affairs. See Compl. at 3.  This Court

3

agrees with other courts in this district that "anonymous litigation is more acceptable when the defendant is a governmental body because government defendants 'do not share the concerns about "reputation" that private individuals have when they are publicly charged with wrongdoing.'" J.W., 318 F.R.D. at 201 (quoting Doe v. Cabrera, 307 F.R.D. 1, 8 (D.D.C. 2014)).  The public interest in litigation is further reduced where a plaintiff seeks individualized, rather than programmatic, relief against the government.  Doe v. Blinken, No. 24-1629, ECF No. 3 (Mem. Op.) at 5 (D.D.C. June 11, 2024) ("When a plaintiff requests individualized relief against a government defendant, . . . the fourth factor favors pseudonymity.") (citation omitted). Here, Plaintiff is seeking only individualized relief, requesting that the Court "declare that Defendant has unlawfully withheld ministerial agency action required by statute" and mandate that it issue the correct monthly compensation through his Veterans Affairs benefits.  See Compl. at 2–3.  While Plaintiff is seeking to change the public law as applied to him — namely, the assignment of the correct monthly compensation through proper agency action — he is not seeking to change the application of the law as to other parties.  Does 1-158 v. Rubio, 2025 WL 2709775, at *2 (D.D.C. Sep. 23, 2025) (programmatic relief "that would 'alter the operation of public law both as applied to [them] and, by virtue of legal arguments presented, to other parties going forward' . . . tilts against pseudonymity") (quoting In re Sealed Case, 971 F.3d at 329).

Finally, the fifth factor also slightly favors pseudonymity.  The Department of Veterans Affairs presumably knows Doe's identity from its own agency records, as the Department has already assigned monthly compensation levels to him.  See Compl. at 2.

As three of the five factors militate against pseudonymity, and the other two do not overwhelm them, the Court finds that Plaintiff has not met "the weighty burden" of

"demonstrating a concrete need" for pseudonymity in this lawsuit.  In re Sealed Case, 971 F.3d at 326.

### III.  Conclusion

The Court accordingly ORDERS that:

1. Plaintiff's [7] Motion for Leave to File Under Pseudonym is DENIED;

2. Within fourteen days of the Court's Order, Plaintiff shall advise the Clerk of the Court whether he wishes to proceed with filing the Complaint on the public docket using his real name, and, if so, file his [7] Motion on the public docket; and

3. Failure to do so shall result in dismissal of the case without prejudice.

/s/ James E. Boasberg
JAMES E. BOASBERG
Chief Judge

Date: March 6, 2026