**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PATRICK TYSON,<br><br>　　　　　*Plaintiff*,<br><br>　　v.<br><br>DOUGLAS COLLINS, Secretary of Veterans<br>Affairs, et al.,<br><br>　　　　　*Defendants*. | Case No. 1:26-cv-397 (ACR) |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the Court is Plaintiff's Motion for a Temporary Restraining Order and Preliminary

Injunction.  Dkt. 26.  The Court has reviewed Plaintiff's Motion, *id.*, and Amended Complaint,

Dkt. 24, keeping in mind that filings by *pro se* litigants are "held to less stringent standards than

are applied to formal [filings] drafted by lawyers."  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

For the reasons explained below, the Court **DENIES** Plaintiff's Motion.

Plaintiff initiated this lawsuit to recover his statutory benefits from the Department of

Veterans Affairs.  Dkt. 24 at 3.  He alleges that the Department of Veterans Affairs has

"unlawfully withheld" his benefits and that the "VA's inaction has caused [him] ongoing and

immediate financial harm, including housing instability and exposure to adverse loan

enforcement actions."  *Id.* at 2–3.

Plaintiff filed his first Motion for a Temporary Restraining Order and Preliminary

Injunction on February 9, 2026.  Dkt. 4.  The Court denied Plaintiff's Motion on March 30,

2026, because Plaintiff had not established the required factors to warrant preliminary relief.

Notably, the Court found that Plaintiff had not demonstrated a showing of irreparable harm. Mar. 30, 2026, Min. Order.

In a separate order issued that same day, the Court directed the Clerk of Court to issue summons and instructed the United States Marshals Service (USMS) to serve Defendant. Plaintiff had named only Secretary of Veterans Affairs Douglas Collins as a Defendant, so on April 2, 2026, the Clerk issued summonses for Secretary Collins, the U.S. Attorney General, and the U.S. Attorney's Office for the District of Columbia. Dkt. 22. The USMS executed service on the U.S. Attorney General on April 7, 2026. Dkt. 29.

On April 3, 2026, Plaintiff moved for reconsideration of the Court's March 30 Order. Dkt. 23. In that motion, Plaintiff named "PHH Mortgage/Onity" as the sole Defendant. *Id.* Plaintiff also raised new claims against "PHH Mortgage/Onity" and sought relief different from the relief he requested against Secretary Collins. The Court denied the motion on April 8, 2026, because Plaintiff had not amended his complaint to include "PHH Mortgage/Onity" and had not filed a motion for injunctive relief against "PHH Mortgage/Onity." Apr. 8, 2026, Min. Order. The Court also instructed Plaintiff to file any renewed request for preliminary injunctive relief on the public docket with notice to Defendants. *Id.*

The next day, on April 9, 2026, Plaintiff filed an Amended Complaint, adding PHH Mortgage Corporation and Onity Group as Defendants. Dkt. 24. He filed his second Motion for Temporary Restraining Order and Preliminary Injunction that same day. Dkt. 26. Plaintiff has not served these Defendants. He also has not explained why the Court should grant preliminary relief without allowing Defendants an opportunity to respond. *See* Fed. R. Civ. P. 65(b)(1).

Accordingly, the Court:

**DENIES** Plaintiff's Motion for a Temporary Restraining Order and Preliminary

Injunction, Dkt. 26; and

**DIRECTS** the Clerk of Court to issue summonses and the USMS to effect service on

PHH Mortgage Corporation and Onity Group.

**SO ORDERED.**


Date: May 4, 2026

_____
ANA C. REYES
United States District Judge