UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PATRICKTYSON,
Plaintiff,

v.

SECRETARY OF VETERANS AFFAIRS, et al.,
Defendants.

Civil Action No. 1:26-cv-00397 (ACR)

**PLAINTIFF'S RENEWED MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION BASED ON MATERIALLY CHANGED CIRCUMSTANCES**

Plaintiff respectfully renews his request for temporary and preliminary injunctive relief based upon materially changed circumstances since the Court's May 4, 2026 Memorandum Opinion and Order, Dkt. 33.

## I. MATERIAL CHANGE IN PROCEDURAL CIRCUMSTANCES

When the Court denied Plaintiff's prior request for emergency relief, the Court specifically noted that PHH Mortgage Corporation and Onity Group had not been served and had not been afforded an opportunity to respond. Dkt. 33 at 2–3. The Court therefore directed the Clerk to issue summonses and the U.S. Marshals Service to effect service upon those defendants.

The Court's directive was subsequently carried out. The summonses were issued at Dkt. 34, and the return of service is reflected at Dkt. 35. Thus, the specific service-related circumstance identified by the Court in denying the prior motion has been resolved.

Plaintiff therefore does not seek reconsideration of the May 4 ruling on the same record. He seeks consideration of emergency relief in the materially different procedural circumstances that now exist.

II. THE UNDERLYING HARM REMAINS UNRESOLVED AND HAS CONTINUED

The circumstances giving rise to Plaintiff's request for emergency relief have not been resolved. Most recently, Onity again communicated with Plaintiff concerning the unresolved loan matter. Rather than providing a substantive resolution or a date certain for resolution, the correspondence states that the matter has been escalated but provides no definitive timeframe for completion. **(See Unity PHH letter- Exhibit A -Under Seal)**

Plaintiff has continued to seek resolution, including requesting consideration of the statutory relief available under H.R. 1815 and its partial-claim mechanism. Plaintiff has not received a substantive determination confirming that this request has been evaluated or implemented.

Accordingly, the threatened consequences identified in Plaintiff's prior filings remain ongoing. The passage of additional months without a resolution has increased, rather than eliminated, the urgency of the requested relief.

III. PRELIMINARY RELIEF IS NOW WARRANTED

Plaintiff recognizes that preliminary relief requires consideration of likelihood of success on the merits, irreparable harm, the balance of equities, and the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008). The D.C. Circuit likewise requires the movant to address each of these considerations.

a. Substantial likelihood of success- where the Plaintiffs claims are directed toward discrete administrative actions allegedly required by law or by existing agency determinations
b. Plaintiff faces continuing and potentially Irreparable harm- where the harm is not limited to the existence of a monetary debt. Plaintiffs resident and VA guaranteed mortgage are subject to continuing loan enforcement while the statutory relief remains unresolved .

c. The balance of equities favors preserving the status quo- where the Plaintiff asks for a limited preservation of the existing status quo while this litigation proceeds, as the requested relief will temporarily prevent irreversible enforcement action while the court determines the parties respective legal positions

d. The public interest favors lawful administration of VA programs and preservation of housing pending judicial review- the public interest is served when federal agencies implement their own adjudications and statutory obligations consistently with governing law.

The present motion is materially different from Plaintiff's earlier request because the procedural obstacle identified by the Court—lack of service upon PHH and Onity—has been addressed. Plaintiff's requested relief is also directed at preserving the status quo while the Court resolves the underlying claims. Plaintiff does not ask the Court to make a new VA benefits determination through preliminary relief.

Rather, Plaintiff seeks protection from further adverse loan-enforcement consequences while the unresolved statutory and administrative issues identified in the Complaint are addressed.

The continuing absence of a resolution date, despite repeated escalation and Plaintiff's renewed request for statutory relief, demonstrates that the alleged injury is not merely speculative. Plaintiff continues to face the housing and financial consequences described in the Complaint.

IV. NARROW REQUESTED RELIEF IS APPROPRIATE

Plaintiff respectfully requests that the Court:

1. Grant this renewed motion for temporary and/or preliminary injunctive relief;
2. Preserve the status quo concerning the subject loan and enjoin PHH Mortgage Corporation and Onity Group from taking further adverse enforcement action against Plaintiff concerning the subject loan while the Court considers Plaintiff's claims and the requested statutory relief;
3. Alternatively, set an expedited hearing on Plaintiff's request for preliminary injunctive relief; and

4. Grant such other and further relief as the Court finds just and proper.

V. CONCLUSION

The requested relief does not require the Court to Decide a Veterans-Benefits Entitlement Question——as this limitation was previously raised as a jurisdictional issue. Therefore the Plaintiff clarifies that he's not asking the Court to determine a benefits entitlement, rather only seek relief within the Courts lawful jurisdiction—-where the Supreme Court has recognized that judicial review under the Administrative Procedures Act may include an order compelling agency action unlawfully withheld where the action sought is discrete and legally required. *Norton v. Southern Utah Wilderness Alliance, 542 U.S.. 55, 64 (2004).* The Defendants have been afforded the procedural opportunity that was absent when the Court denied the earlier request—-and the most recent correspondence from Unity demonstrates the underlying loan enforcement issue remains unresolved, therefore the Plaintiff respectfully requests that the Court reconsider preliminary relief in light of the changed circumstances and enter narrowly tailored relief.

Plaintiff respectfully submits that the present request is not a repetition of the previously denied motion. The defendants identified by the Court have now been served, the requested administrative relief remains unresolved, and the threatened harm continues.

Respectfully submitted,

Patrick Tyson

Plaintiff, Pro Se

ptysonn44@gmail.com

Date: Friday, September 4, 2026

CERTIFICATE OF SERVICE

I hereby certify that on Friday, September 4, 2026, I caused a true and correct copy of the following documents—**Plaintiff's Renewed Motion for Temporary Restraining Order and Preliminary Injunction;** to be served upon all parties and counsel of record in this action through the Court's CM/ECF system, to the extent registered for electronic service:
Service includes:

1. Counsel representing the Secretary of Veterans Affairs and counsel representing
2. PHH Mortgage Corporation and Onity Group.

Amanda L. Torres
Assistant United States Attorney
Civil Division, U.S. Attorney's Office for the
District of Columbia
601 D Street N.W. | Washington, D.C. 20004
Ph: (202) 252-2507 | Amanda.Torres@usdoj.gov

Executed on Friday, September 4, 2026.

Patrick Tyson
Plaintiff, Pro Se
ptysonn44@gmail.com
972-439-0236